VAN BRUNT, P. J., PATTERSON, HATCH and LAUGHLIN, JJ., concurred.

Order reversed and application denied, with fifty dollars costs and disbursements.

---

In the Matter of the Application of ALFREDERICK S. HATCH, Respondent, for a Peremptory Writ of Mandamus Directed to WILLIAM McFADDEN, as Collector of Assessments and Clerk of Arrears of the City of New York, Appellant.

*Interest on assessments for local improvements in New York city — a delay of between two and three weeks in publishing notice that, unless an assessment be paid, interest will be collected does not prevent the collection thereof — word "immediately" defined.*

Under section 916 of the Consolidation Act (Laws of 1882, chap. 410) which made it "the duty of the comptroller to give public notice, by advertisement, for at least ten days in the City Record, immediately after the confirmation of any

assessment for a local improvement, that the same has been confirmed * * * notifying all persons, owners of property affected by any such assessment, that, unless the amount assessed for benefit on any person or property shall be paid within sixty days after the date of said entry of any such assessment, interest shall thereafter be collected thereon as provided in the following section," and section 917 of such act which provided: "If any such assessment shall remain unpaid for the period of sixty days after the date of entry thereof in the said records of titles of assessments, it shall be the duty of the officer authorized to collect and receive the amount of such assessment, to charge, collect and receive interest thereon at the rate of seven per centum per annum to be calculated from the date of such entry to the date of payment." the fact that the notice of the confirmation of an assessment for a local improvement was not published in one case until nineteen days after the same was entered, and in another case until sixteen days after it was entered, does not operate to relieve the persons assessed from the obligation to pay interest upon the assessment if not paid within sixty days after the entry thereof.

The word "immediately," as used in section 916 of the Consolidation Act, was not intended to mean "not separated by an interval of time; present; instant."

PATTERSON, J., dissented.

APPEAL by the defendant, William McFadden, as collector of assessments and clerk of arrears of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of May, 1902, granting a peremptory writ of mandamus.

*George L. Sterling*, for the appellant.

INGRAHAM, J.:

There was imposed upon certain real property of this relator an assessment for opening Naegle avenue, confirmed September 12, 1895, and entered October 3, 1895, and an assessment for regulating Eleventh avenue, confirmed and entered on October 4, 1888. The relator alleges that these assessments were duly ratified and confirmed. He has not paid these assessments, and now asks for a mandamus requiring the collector of assessments to receive payment without interest or advertising charges, and to mark the same as fully paid and satisfied upon the record of assessment lists confirmed of the city of New York. The relator thus wishes to avoid the payment of interest upon this assessment for over thirteen years upon the ground that the notice of the confirmation of the assessment was not published in the case of the Naegle avenue premises until the 22d day of October, 1895, nineteen days after the same was entered, and in the case of Eleventh avenue, until the 20th

day of October, 1888, sixteen days after the assessment was entered, claiming that as a result of this delay in publishing the notice of the confirmation of the assessment he was relieved from the payment of the interest. The question arises under sections 916 and 917 of the Consolidation Act (Laws of 1882, chap. 410, as amd. by Laws of 1893, chap. 183), the act of 1882 being in force at the time of the confirmation of the Eleventh avenue assessment, and that act, as amended in 1893, being in force at the time of the confirmation of the Naegle avenue assessment. Section 916 provides that " it shall be the duty of the comptroller to give public notice, by advertisement for at least ten days in the City Record, immediately after the confirmation of any assessment for a local improvement and street or park opening, that the same has been confirmed, specifying the title of such assessment and the date of its confirmation by the board of revision and correction of assessments, * * * and also the date of entry in the record of titles of assessments kept in the bureau for the collection of assessments and of arrears of taxes and assessments and of Croton water rents * * * notifying all persons and owners of property affected by any such assessment that, unless the amount assessed for benefit on any person or property shall be paid within sixty days after the date of said entry of any such assessment, *interest* shall thereafter be collected thereon as provided in the following section." Section 917 provides that " if any such assessment shall remain unpaid for the period of sixty days after the date of entry thereof in the said records of titles of assessments, it shall be the duty of the officer authorized to collect and receive the amount of such assessment, to charge, collect and receive interest thereon at the rate of seven per centum per annum to be calculated from the date of such entry to the date of payment." The claim of the relator is that this notice to property owners prescribed by section 916 was not published " immediately " after the confirmation of the assessment; and the result of this failure of the comptroller to comply with this section is that the city never thereafter could claim interest upon this assessment no matter how long it should remain unpaid. That such result would follow from the delay of a municipal officer to publish a notice for fifteen or twenty days after the assessment had been confirmed, which he was required to publish immediately, would, I think, require a specific provision of the statute; and not only are there no such specific directions, but this result would be

contrary to the express provisions of section 917 of the act. The direction to publish this notice is contained in section 916. That section has nothing to do with the interest or the collection of the assessment. There is no provision making the legality of the assessment or the obligation to pay interest dependent upon the publication of this notice. The act is plainly directory, imposing a duty upon the comptroller, but providing no penalty for a failure to perform this duty. Section 917 provides for the payment of interest. The assessment specified in this section is an assessment for local improvements. Both sections refer to assessments for local improvements, and to such assessments only, but there is nothing in either section of the act which indicates an intention of the Legislature to provide that unless this notice is published one day, or any number of days after the entry of the assessment, interest shall not commence to run. The interest is not to commence to run from the date of the confirmation of the assessment or the publication of the notice, or sixty days after that date, but from the date of the entry of the assessment in the records of titles of assessments. If it had been the intention to make the right to collect interest depend upon the publication of this notice, it seems to me that the Legislature would have directly connected the obligation to pay interest with the publication of notice. The provision as to interest relates to every assessment for public improvements, irrespective of the publication of the notice. There is no time fixed within which this notice must be published. The direction to the comptroller is that he shall publish it "immediately." "Immediately" is a relative term. Strictly defined, it means "not separated by an interval of time; present; instant." It is clear that such was not the meaning intended to be given to the word, as it would be an impossibility to publish such notice instantly or without the intervention of any time. Then the notice is to be immediately after the confirmation of the assessment, and is to specify the date of entry in the record of titles of assessments — but the date of confirmation and date of entry were not necessarily the same, and in one of the assessments in question it appeared that the assessment was entered twenty-one days after it was confirmed.

It has been suggested that because the imposition of this interest is a penalty imposed upon the property owner for non-payment of the assessment, the statute must be strictly construed, and unless its

exact terms are complied with the penalty cannot be enforced. To adopt this construction would require the publication to be as soon as the assessment is confirmed, which would be an impossibility, but I do not think that this obligation to pay interest upon an amount due to a municipal corporation for a tax or assessment can be said to be a penalty any more than the provision of law which requires interest to be paid upon a judgment, or any other obligation to pay money, is a penalty. When the assessment is imposed upon real property it becomes a lien upon the property, and a failure to pay a sum of money legally due imposes an obligation to pay interest from the date when payable. The statute that imposes the assessment also provides a period within which it may be paid without interest, but requires interest to be paid if the person liable to pay it fails to pay it within the time specified. When this assessment is legally imposed it becomes a debt payable at any time within sixty days from the date of entry of the assessment, and if not paid within that time, then interest is imposed until such payment is made; but I can see nothing in this statute that justifies the court in allowing the owner of the property to discharge the assessment at any future time without interest, because of the failure of the comptroller to publish the notice immediately after the confirmation of the assessment.

It follows that the order appealed from should be reversed, with fifty dollars costs and disbursements, and the proceedings dismissed, with fifty dollars costs.

VAN BRUNT, P. J., HATCH and LAUGHLIN, JJ., concurred; PATTERSON, J., dissented.

PATTERSON, J. (dissenting):

This is an appeal from an order granting a peremptory writ of mandamus to compel the collector of assessments and arrears of the city of New York to accept from the relator the amount of assessments levied upon his property, without the addition of interest upon such amount. The facts are that the relator owned real estate in the twelfth ward of the city of New York, upon which two assessments were imposed, one for opening Naegle avenue from Kingsbridge road to Tenth avenue; that assessment was confirmed September 12, 1895, and entered October 10, 1895. The other

assessment was for regulating Eleventh avenue from Kingsbridge road to Dyckman street, and was confirmed October 4, 1888. The comptroller of the city of New York did not publish a notice of the confirmation and entry of the assessment as to Naegle avenue until October 22, 1895, which was the first publication of the notice; the first publication of the notice as to Eleventh avenue was on the 20th of October, 1888. As to Naegle avenue, therefore, the notice was not published until thirteen days after the date of entry, and as to Eleventh avenue, sixteen days after the confirmation of the assessment. The claim on behalf of the relator is that he is discharged from the payment of interest on these assessments, and that the city is bound to accept the principal sum of such assessments, without interest, because of the failure of the comptroller to comply with the provisions of section 916 of the Consolidation Act (as amd. by Laws of 1893, chap. 183), which provides that "it shall be the duty of the comptroller to give public notice by advertisement for at least ten days in the City Record immediately after the confirmation of any assessment for a local improvement and street or park opening, that the same has been confirmed, specifying the title of such assessment and the date of its confirmation by the board of revision and correction of assessments,  *  *  *  and also the date of entry in the record of titles of assessments kept in the bureau for the collection of assessments and of arrears of taxes and assessments, and of Croton water rents,  *  *  *  notifying all persons and owners of property affected by any such assessment that, unless the amount assessed for benefit on any person or property shall be paid within sixty days after the date of said entry of any such assessment, *interest* shall thereafter be collected thereon as provided in the following section.  *  *  * All provisions of law or ordinances requiring any other or different notice of such assessments and interest thereon are hereby repealed." The notice published by the comptroller concerning the assessment on Naegle avenue required the payment of the assessment on or before December 2, 1895, which was but a forty-day notice. As to Eleventh avenue, the notice required payment within sixty days after October 4, 1888, which was but a forty-four-day notice. Section 917 of the Consolidation Act provides: "If any such assessment shall remain unpaid for the period of sixty days after the date of entry thereof in the said records of titles of assessments, it shall

be the duty of the officer authorized to collect and receive the amount of such assessment, to charge, collect and receive interest thereon at the rate of seven per centum per annum, to be calculated from the date of such entry to the date of payment."

It is very clear from the provisions of these two sections of the Consolidation Act, construed together, that interest upon an assessment for a local, public improvement is imposed as a penalty for the non-payment of that assessment within a prescribed time. In order that such penalty may be lawfully inflicted, it is necessary that all the requirements of law constituting conditions precedent to the imposition of that penalty shall be complied with. One of those requirements under the sections of the statute quoted is notice by publication to the property owner, and the requirement is absolute that that notification shall be immediate, which does not necessarily mean the same day or the next day, but it does mean so soon as possible after the confirmation of the assessment and its entry. The obvious purpose of this statute is to give to the person whose property is assessed for benefit notice that the assessment must be paid within sixty days after the date of the entry thereof, before interest can be added. This requirement is undoubtedly to give to the owner of the property a period of time considered to be ample for him to make provision for the payment of the assessment and the notice is a matter of right and is the only notice the property owner could receive because, by section 916, as above stated, all provisions of law or ordinances requiring any other or different notice of such assessments and interest thereon were repealed. The right to impose interest depends upon a compliance with the law. The law was not complied with in the two assessments now under consideration. Interest does not accrue as upon a debt due by the property owner to the city, nor as upon an advance of money made by one acting as the trustee or agent for another, but it arises solely from the provision of the statute and only upon an observance of conditions precedent, and while the consequences to the city may be unfortunate, the proper construction of the statute requires that the writ should be affirmed, with costs.

Order reversed, with fifty dollars costs and disbursements, and proceedings dismissed, with fifty dollars costs.